# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF BRANSON, MISSOURI,** ) | |
| ) | |
| **First American,** ) | |
| ) | |
| v. ) | Case No. 6:12-cv-03387-GAF |
| ) | |
| **FIRST AMERICAN TITLE INSURANCE** ) | |
| **COMPANY, a California Corporation;** ) | |
| ) | |
| **Defendant.** ) | |

## CITY OF BRANSON, MISSOURI'S ANSWER TO DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S COUNTERCLAIM

Counterclaim-Defendant City of Branson, Missouri ("Branson"), by and through its counsel of record Polsinelli, PC, and for its answer to Counterclaim-Plaintiff First American Title Insurance Company's ("First American") Counterclaim, states as follows:

## NATURE OF THE ACTION

1. Branson is without sufficient information to admit or deny the allegations contained in Paragraph 1 of First American's Counterclaim and therefore denies same.

## THE PARTIES

2. Branson admits the allegations contained in Paragraph 2 of First American's Counterclaim.

3. Branson admits the allegations contained in Paragraph 3 of First American's Counterclaim.

## JURISDICTION AND VENUE

4. Branson is without sufficient information to admit or deny the allegations contained in Paragraph 4 of First American's Counterclaim and therefore denies same.

5. Branson admits the allegations contained in Paragraph 5 of First American's Counterclaim.

6. Branson is without sufficient information to admit or deny the allegations contained in Paragraph 6 of First American's Counterclaim and therefore denies same.

7. Branson admits the allegations contained in Paragraph 7 of First American's Counterclaim.

## GENERAL ALLEGATIONS

8. Branson admits that a copy of a 2001 Policy is attached to First American's Counterclaim as "Exhibit A" and that said policy speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 8 of First American's Counterclaim.

9. Branson admits that a copy of a 2002 Policy is attached to First American's Counterclaim as "Exhibit B" and that said policy speaks for itself. Branson denies and all remaining allegations, if any, contained in Paragraph 9 of First American's Counterclaim.

10. Branson admits that a copy of a Branson Landing Replat is attached to First American's Counterclaim as "Exhibit C" and that said Replat speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 10 of First American's Counterclaim.

11. Branson admits the allegations contained in Paragraph 11 of First American's Counterclaim.

*The 2003 Empire District Litigation*

12. Branson admits that a copy of a Petition is attached to First American's Counterclaim as "Exhibit D" and that said Petition speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 12 of First American's Counterclaim.

13. Branson denies the allegations contained in Paragraph 13 of First American's Counterclaim.

14. Branson admits that First American initially accepted defense and indemnity for the 2003 Empire District Petition and retained attorney Lynn Rodgers as counsel for Branson. Branson denies all remaining allegations, if any, contained in Paragraph 14 of First American's Counterclaim.

15. Branson admits that a copy of the 2004 Judgment is attached to First American's Counterclaim as "Exhibit E" and that said 2004 Judgment speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 15 of First American's Counterclaim.

16. Branson admits the allegations contained in Paragraph 16 of First American's Counterclaim.

17. Branson admits that a trial was held on January 11, 2010. Branson denies all remaining allegations, if any, contained in Paragraph 17 of First American's Counterclaim.

18. Branson admits that a copy of the 2010 Judgment is attached to First American's Counterclaim as "Exhibit F" and that said judgment speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 18 of First American's Counterclaim.

19. Branson admits that a copy of the 2010 Judgment is attached to First American's Counterclaim as "Exhibit F" and that said judgment speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 19 of First American's Counterclaim.

20. Branson admits the allegations contained in Paragraph 20 of First American's Counterclaim.

21. Branson admits that a copy of the April 23, 2010 Tender is attached to First American's Counterclaim as "Exhibit G" and that said Tender speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 21 of First American's Counterclaim.

22. Branson admits the allegations contained in Paragraph 22 of First American's Counterclaim.

23. Branson admits the allegations contained in Paragraph 23 of First American's Counterclaim.

24. Branson admits the allegations contained in Paragraph 24 of First American's Counterclaim.

25. Branson admits the allegations contained in Paragraph 25 of First American's Counterclaim.

26. Branson admits that copies of the Notices of Appeal are attached to First American's Counterclaim as "Exhibit H" and that said Notices speak for themselves. Branson denies all remaining allegations, if any, contained in Paragraph 26 of First American's Counterclaim.

*The 2011 Bank of America Litigation*

27. Branson admits that a copy of the 2011 Bank of America Petition is attached to First American's Counterclaim as "Exhibit I" and that said Petition speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 27 of First American's Counterclaim.

28. Branson admits that a copy of Branson's Motion to Intervene and Branson's Suggestions in Support of Motion to Intervene collectively are attached to First American's

Counterclaim as "Exhibit J" and that said documents speak for themselves. Branson denies all remaining allegations, if any, contained in Paragraph 28 of First American's Counterclaim.

29. Branson admits the allegations contained in Paragraph 29 of First American's Counterclaim.

30. Branson admits that a copy of the Notice of Appeal is attached to First American's Counterclaim as "Exhibit H" and that said Notice speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 30 of First American's Counterclaim.

31. Branson admits that a copy of the Notice of Appeal is attached to First American's Counterclaim as "Exhibit H" and that said Notice speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 31 of First American's Counterclaim.

32. Branson admits the allegations contained in Paragraph 32 of First American's Counterclaim.

*HCW Cross-Claim*

33. Branson admits that a copy of a HCW Cross-Claim is attached to First American's Counterclaim as "Exhibit K" and that said Cross-Claim speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 33 of First American's Counterclaim.

34. Branson admits that a copy of the Tender is attached to First American's Counterclaim as "Exhibit L" and that said Tender speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 34 of First American's Counterclaim.

35. Branson admits that a copy of the September 10 Correspondence is attached to First American's Counterclaim as "Exhibit M" and that said Correspondence speaks for itself.

Branson denies all remaining allegations, if any, contained in Paragraph 35 of First American's Counterclaim.

36. Branson admits that a copy of the September 23 Correspondence is attached to First American's Counterclaim as "Exhibit N" and that said Correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 36 of First American's Counterclaim.

37. Branson admits that a copy of September 24 Correspondence is attached to First American's Counterclaim as "Exhibit O" and that said correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 37 of First American's Counterclaim.

38. Branson admits that a copy of September 30 Correspondence is attached to First American's Counterclaim as "Exhibit P" and that said correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 38 of First American's Counterclaim.

39. Branson admits that a copy of October 8 Correspondence is attached to First American's Counterclaim as "Exhibit Q" and that said correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 39 of First American's Counterclaim.

*Defense of the HCW Cross-Claim*

40. Branson admits that "Exhibit L" is attached to First American's Counterclaim and that said Tender speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 40 of First American's Counterclaim.

41. Branson admits that a copy of September 10 Correspondence is attached to First American's Counterclaim as "Exhibit R" and that said correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 41 of First American's Counterclaim.

42. Branson admits that a copy of September 24 Correspondence is attached to First American's Counterclaim as "Exhibit O" and that said correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 42 of First American's Counterclaim.

43. Branson admits that a copy of September 30 Correspondence is attached to First American's Counterclaim as "Exhibit P" and that said correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 43 of First American's Counterclaim.

44. Branson admits that a copy of October 8 Correspondence is attached to First American's Counterclaim as "Exhibit Q" and that said correspondence speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 44 of First American's Counterclaim.

45. Branson admits that "Exhibit A" is attached to First American's Counterclaim and further states said Exhibit speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 45 of First American's Counterclaim.

46. Branson admits that "Exhibit B" is attached to First American's Counterclaim and further states said Exhibit speaks for itself. Branson denies all remaining allegations, if any, contained in Paragraph 46 of First American's Counterclaim.

# COUNT I

## DECLARATORY JUDGMENT ON TENDER OF THE HCW CROSS-CLAIM

47. Branson incorporates by reference its response to paragraphs 1 through 46 of First American's Counterclaim as if fully stated herein.

48. Branson admits the allegations contained in Paragraph 48 of First American's Counterclaim.

49. Branson denies the allegations contained in Paragraph 49 of First American's Counterclaim.

50. Branson is without sufficient information to admit or deny the allegations contained in Paragraph 50 of First American's Counterclaim and therefore denies same.

51. Branson denies the allegations contained in Paragraph 51 of First American's Counterclaim.

52. Branson denies the allegations contained in Paragraph 52 of First American's Counterclaim.

53. Branson denies the allegations contained in Paragraph 53 of First American's Counterclaim.

54. Branson denies the allegations contained in Paragraph 54 of First American's Counterclaim.

55. Branson denies the allegations contained in Paragraph 55 of First American's Counterclaim.

56. Branson denies the allegations contained in Paragraph 56 of First American's Counterclaim.

57. Branson denies the allegations contained in Paragraph 57 of First American's Counterclaim.

58. Branson denies the allegations contained in Paragraph 58 of First American's Counterclaim.

WHEREFORE, having fully answered Count I of First American's Counterclaim, City of Branson, Missouri prays to be discharged therefrom, for its costs herein incurred and expended, for its attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT II

### DECLARATORY JUDGMENT ON TENDER OF THE APPEALS

59. Branson incorporates by reference its response to paragraphs 1 through 58 of First American's Counterclaim as if fully stated herein.

60. Branson admits that it tendered defense and indemnity of the Appeals to First American. Branson denies all remaining allegations, if any, contained in Paragraph 60 of First American's Counterclaim.

61. Branson denies the allegations contained in Paragraph 61 of First American's Counterclaim.

62. Branson denies the allegations contained in Paragraph 62 of First American's Counterclaim.

63. Branson denies the allegations contained in Paragraph 63 of First American's Counterclaim.

64. Branson denies the allegations contained in Paragraph 64 of First American's Counterclaim.

65. Branson denies the allegations contained in Paragraph 65 of First American's Counterclaim.

66. Branson denies the allegations contained in Paragraph 66 of First American's Counterclaim.

67. Branson denies the allegations contained in Paragraph 67 of First American's Counterclaim.

68. Branson denies the allegations contained in Paragraph 68 of First American's Counterclaim.

69. Branson denies the allegations contained in Paragraph 69 of First American's Counterclaim.

WHEREFORE, having fully answered Counts I and II of First American's Counterclaim, City of Branson, Missouri prays to be discharged therefrom, for its costs herein incurred and expended, for its attorneys' fees, and for such other and further relief as this Court deems just and proper.

### **AFFIRMATIVE DEFENSES**

1. First American cannot succeed on its claims against Branson as it has released all of its claims against the Branson or has waived them by knowingly relinquishing them or failing to act upon them at a time when it had an obligation to do so.

2. First American cannot succeed under its claims against Branson as it has unclean hands.

3. First American cannot succeed on its claims against Branson under the doctrine of estoppel.

4. First American's claims are moot.

5. First American cannot succeed on its claims against Branson because it breached its implied covenant of good faith and fair dealing.

6. First American may not succeed upon its claims against Branson as Cross-claim HCW has failed to properly mitigate its damages.

WHEREFORE, having fully answered First American's Counterclaim, City of Branson, Missouri prays to be discharged therefrom, for its costs herein incurred and expended, for its attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**POLSINELLI, PC**

_/s/ Jennifer R. Growcock_
JAY M. DADE, Mo. Bar #41600
jdade@polsinelli.com
JAMES E. MEADOWS, Mo. Bar #50874
jmeadows@polsinelli.com
JENNIFER R. GROWCOCK, Mo. Bar #56496
jgrowcock@polsinelli.com
901 E. St. Louis Street, Suite 1200
Springfield, MO 65806
Telephone: (417) 869-3353
Facsimile: (417) 869-9943

*ATTORNEYS FOR
PLAINTIFF/COUNTERCLAIM DEFENDANT
CITY OF BRANSON, MISSOURI*

11

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant City of Branson, Missouri, by and through its counsel of record, hereby certifies a copy of the forgoing was served on the following individuals, to wit:

J. Michael Bridges
Charles Cowherd
Laura Greene
Husch Blackwell LLP
901 St. Louis
Suite 1800
Springfield, MO 65806
*Attorneys for First American*
*Title Insurance Company*

via the Court's electronic filing system, on this 13th day of May, 2014.

                                            /s/ Jennifer R. Growcock
                                            Attorney

12
48088166.2
Case 6:12-cv-03387-GAF   Document 76   Filed 05/13/14   Page 12 of 12